**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

MELISSA NICOLE CRAMER,
as Administratrix on behalf of the
ESTATE OF JAYDEN MICHAEL ARTHURS,

Plaintiff,

v. CIVIL ACTION NO. 3:26-0343

THE CITY OF HUNTINGTON;
JONATHAN DRAKE,
individually and in his official capacity; and
AARON LAWHON,
individually and in his official capacity,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion for Leave to File First Amended Complaint by Plaintiff Melissa Nicole Cramer, as the Administratrix on behalf of the Estate of Jayden Michael Arthurs. ECF No. 31. For the following reasons, the Court **GRANTS** the motion.

This action involves the death of Jayden Michael Arthurs who was shot and killed by Huntington Police officers. On September 3, 2026, the Court granted, in part, and denied, in part, Defendants The City of Huntington, Jonathan Drake, and Aaron Lawhon's Partial Motion to Dismiss. *Cramer v. City of Huntington*, Civ. Act. No. 3:26-0343, 2026 WL 2608114 (S.D. W. Va. Sept. 3, 2026).[1] In the Court's Memorandum Opinion and Order, the Court dismissed Plaintiff's claim pursuant to 42 U.S.C. § 1983 in Count III against Officer Drake for "Unlawful Seizure,

[1] The Court treated the motion as one for a judgment on the pleadings because it was filed after Defendants filed their Answer. *Id.* at *2.

Violation of the Fourth Amendment." *Id.* at *3. In Count III, Plaintiff alleged Mr. Arthurs was seized when Officer Drake activated his emergency lights. However, Mr. Arthurs did not stop his vehicle when Officer Drake attempted to pull him over and, therefore, he was not seized within the meaning of the Fourth Amendment. *Id.* Although not alleged in Count III, the Court agreed with Plaintiff that Mr. Arthurs was seized when he later was shot and killed. *Id.* In light of the Court's holding, Plaintiff now seeks to amend Count III by specifically providing "Mr. Arthurs was seized within the meaning of the Fourth Amendment when Defendant Drake physically retrained him through the use of deadly force; specifically, when Defendant Drake fired multiple rounds into the vehicle Mr. Arthurs was operating, striking his person and terminating his freedom of movement." *Prop. First Am. Compl.* ¶ 59, ECF No. 31-1. Defendants oppose this amendment.

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits amendment of a complaint after a responsive pleading has been filed "with . . . the court's leave" and leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a). Here, however, the Court entered a Scheduling Order on July 15, 2026, setting an August 31, 2026, deadline for amendments. As Plaintiff filed her motion after the deadline, she also must satisfy the good cause standard under Rule 16(b) of the Federal Rules of Civil Procedure in order to amend. *RFT Mgmt. Co., LLC v. Powell*, 607 F. App'x 238, 242 (4th Cir. 2015) (citations omitted) ("Although leave to amend a complaint should be 'freely give[n] . . . when justice so requires,' after the deadlines provided by a scheduling order have passed, the good cause standard [of Fed. R. Civ. P. 16] must be satisfied to justify leave to amend the pleadings."). In applying the good cause standard, the Court must consider the diligence of Plaintiff in seeking to file an amended complaint. *See id.* (quoting *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004) ("Rule 16(b)'s good cause standard emphasizes the diligence of the party seeking amendment.")).

Defendants argue that Plaintiff has not shown good cause because they moved to dismiss Count III before the deadline for amendments, but Plaintiff, relying on no new information, waited until the Court ruled on the motion before she moved to amend. The Court disagrees and finds good cause exists.

In her Response to Defendants' motion, Plaintiff asked the Court to allow her to amend her Complaint if the Court finds it deficient. *See Pl.'s Resp. in Opp. to Defs.' Partial Motion to Dismiss*, at 11, ECF No. 14. Plaintiff filed her Response on July 20, 2026, before the deadline for amendments set forth in the Scheduling Order. The Court issued its decision just three days after the deadline passed and informed Plaintiff that, if she "wants to amend her Complaint, she must file an appropriate motion and memorandum in accordance with the Federal Rules of Civil Procedure." *Cramer*, 2026 WL 2608114, at *6 n.4. Within three weeks of the Court's decision, Plaintiff filed her motion to revise her claims to attempt to conform to the Court's rulings. Under these circumstances, the Court finds Plaintiff acted diligently and has met the good cause standard under Rule 16(b).[2]

Defendants also argue that the Court should not grant Plaintiff's motion with respect to Count III under the standard set forth in Rule 15(a) because Count III is futile as it simply is a

---

[2]When Plaintiff filed her motion, she combined it with her legal arguments as a single document. Defendants argue that, because the Court directed Plaintiff to "file an appropriate motion and memorandum in accordance with the Federal Rules of Civil Procedure," the Court should deny the motion without prejudice pursuant to Local Rule of Civil Procedure 7.1(a)(2). This Rule provides, in part: "If a memorandum is not submitted as required by this rule or by the court, the motion will be denied without prejudice." Rule 7.1(a)(2), however, does not include a motion to amend a complaint amongst those motions that must be accompanied by a *separate* memorandum of law. Thus, a motion to amend and a memorandum in support may be consolidated into a single document, and the Court only directed Plaintiff to file an appropriate motion and memorandum in accordance with the Rules, which Plaintiff did. Therefore, the Court will not deny the motion on this ground.

restatement of Count I. Defendants do not argue that Count III fails to state a claim or that it is legally insufficient, and Plaintiff insists the fact the claims overlap does not make Count III futile.

In Count I, Plaintiff alleges a § 1983 claim of "Excessive Force, Violation of the Fourth Amendment" against Officer Drake, claiming Mr. Arthurs posed no imminent threat when he was shot while reversing his vehicle. *Prop. First Am. Compl.* ¶¶ 37-39, 41. In Count III, Plaintiff also now alleges the seizure occurred when Mr. Arthurs was shot despite him not posing an imminent threat by reversing his vehicle. *Id.* ¶¶ 62-64. Additionally, Count III retains language from the original Complaint that Mr. Arthurs was suspected of only a minor traffic offense violation when the pursuit began. *Id.* ¶ 60. As indicated by Plaintiff, these two claims can be seen through two different lenses. As to both Counts, Officer Drake likely will attempt to justify shooting Mr. Arthur by arguing he reasonably perceived danger when Mr. Arthurs reversed the vehicle. As to Count III, however, Plaintiff may argue that a minor traffic offense should have never been escalated to the point of Mr. Arthurs being killed. Although the Court agrees with Defendants that there is significant overlap between these two Counts, the additional content in Count III raises a slightly different angle and is not futile. Therefore, in the interest of justice under Rule 15(a), the Court will allow Plaintiff to proceed on her proposed Count III. The Court expressly advises the parties though that this decision is not an assessment of whether both Counts ultimately will be presented to a jury.

As Defendants do not oppose the remainder of the conforming amendments proposed by Plaintiff, the Court **GRANTS** Plaintiff's Motion for Leave to File First Amended Complaint. ECF No. 31. In her Reply, Plaintiff agrees with Defendants that her paragraph 2 of the Proposed First Amended Complaint should be corrected to conform to the Court's Memorandum Opinion and

Order entered on September 3, 2026. Therefore, the Court **DIRECTS** Plaintiff to revise her First Amended Complaint and file it with the Court **on or before Friday, November 6, 2026**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: October 30, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE